**Garik Varastad KARAPETYAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–73453.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Artem M. Sarian, Esquire, Sarian Law Group, APLC, Glendale, CA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, Marshall Tamor Golding, I, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Garik Varastad Karapetyan, a native of the former Soviet Union and citizen of Azerbaijan, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the discrepancy between Karapetyan's testimony and his declaration as to when and where he regained consciousness during the attack on his family involved the primary event upon which he predicated his claim for asylum. *See Don v. Gonzales,* 476 F.3d 738, 741–42 (9th Cir.2007). In the absence of credible testimony, Karapetyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Karapetyan's CAT claim is based on the same testimony the IJ found to be not credible, and the record does not otherwise compel the conclusion that it is more likely than not that Karapetyan will be tortured if he returns to Azerbaijan, his CAT claim fails. *See id.* at 1156–57.

Lastly, we lack jurisdiction to review Karapetyan's due process contention because he failed to raise it to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument, and therefore we deny Karapetyan's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.